SOMMERVILLE, J.
Petitioner alleges that she was a member of the St. Louis Industrial Insurance and Sick Benefit Association, and that defendant was the regular attendant physician; that defendant slandered her to divers persons and to W. S. Pratt, superintendent of said named association, by telling him that she was a “drug fiend, meaning that she was addicted to the use of morphine or similar drugs”; and that she was damaged thereby.
Defendant admitted that plaintiff was a new member of the association named; that W. 'S. Pratt was the superintendent; and *49 that he was the regular attendant thereof. He alleges:
“That under the form of policy issued by the said association, the membership of each new member is subject to cancellation during the first six months should the association ascertain that the party was suffering from any chronic disease at the time he made application for membership. That it is the duty of this respondent as the physician of said association, to make report of .any chronic condition of any new member coming under his treatment within the said six months, and that such reports are confidential and are pz'ivileged communications under the law. Respondent now avers and says that plaintiff was such a new member, and during the first six months of her membership applied to him for treatment, and that in the line of his duty he made a report to the superintendent of said association concez-ning the physical condition of the plaintiff, which report was both confidential and privileged. He specially denies that in making said report he accused the said plaintiff, directly -or indirectly, expressly or by innuendo, of being a drug fiend.”
There was judgment for defendant, and plaintiff has appealed.
Plaintiff testified that Mr. Pratt told her, in the presence of Mrs. Wirth, that defendant had said that she was a drug fiend, “not only once, but three times.” Mrs. Wirth corroborated plaintiff. Mr. Pratt was called as a witness by plaintiff, and he denied that defendant had told him that plaintiff was a dope or drug fiend, and testified that he had not stated to plaintiff that defendant had.
Plaintiff called two other witnesses who denied that they had ever heard the charge made against her, or that they had ever said to any one that such charge had been made.
Defendant testified that he had never made the charge, or anything like it. He had attended plaintiff as a physician during the first few months of her membership of the St. Louis Industrial Insurance & Sick Benefit Association; and, finding that she had a chronic complaint, had reported such finding to the association, as was his duty, as the attending physician of the association, to do; and he had, in accordance with the rules of said association, recommended that she be dropped from membership.
The plaintiff has entirely failed to make out her case.
Judgment affirmed.